The CONTINENTAL INSURANCE
COMPANY, Appellant,

v.

MINGO EQUIPMENT COMPANY,
Appellee.

Court of Appeals of Kentucky.

June 11, 1971.

Robert L. Milby, Hamm, Taylor, Milby & Farmer, London, for appellant.

John J. Tribell, Middlesboro, for appellee.

VANCE, Commissioner.

The Mingo Equipment Company, appellee herein, recovered a judgment against Continental Insurance Company, appellant herein, in the amount of $28,800.00 for damages to various items of mining equipment and machinery by vandalism and malicious damage.

Continental has appealed from that judgment alleging three principal grounds for error: (1) the action was barred by a condition of the policy which prohibited litigation unless commenced within twelve months next after discovery of the occurrence which gave rise to the litigation, (2) the action should have been dismissed for failure to file a proof of loss and (3) the verdict and judgment were excessive and not supported by either the pleadings or the evidence.

Litigation was commenced on March 3, 1967. On March 13, 1967 the following interrogatories were propounded to Mingo:

"6. State the date upon which the plaintiff first discovered the occurrence

which gives rise to this claim of cause of action?

"7. State the date upon which the plaintiff first gave notice to the defendant or any representative thereof of the occurrence which gives rise to this claim or cause of action?"

On April 24, 1967 Mingo answered the interrogatories as follows:

"14. Responding to interrogatory number 6, the date plaintiff first discovered the occurrences which gave rise to this claim or cause of action was on or about February 26, 1966.

"15. Replying to interrogatory number 7, the plaintiff first gave notice by telephone to defendant's representative Smith Insurance Company, Inc., 415 West Church Avenue, Knoxville, Tennessee, the agency that sold the policies in question, which notice was given on or about February 28, 1966. Later plaintiff gave notice in writing to defendant's aforesaid agent on the 7th day of March, 1966, a copy of such writing being attached hereto and made a part hereof as if copied at length herein, and also notified defendant's insurance adjustor on or about March 10, 1966 (Mr. Charles Meyers, Overton and Company, Middlesboro, Kentucky) which adjustor later on or about March 25, 1966 conducted an investigation for defendant."

The replies to the interrogatories were made under oath by Dennis Smith, Vice President of Mingo Equipment Company.

The appellee did not file a brief. Under RCA 1.260(c) (2) this court is authorized upon the failure of the appellee to file a brief to reverse the judgment in the event appellant's brief reasonably appears to sustain such action.

The appellant's brief reasonably sustains the argument that the answers to interrogatories constituted a judicial admission that the occurrence which gave rise to the litigation was discovered by Mingo on February 26, 1966. The litigation was not commenced until March 3, 1967. This was more than twelve months after the discovery.

The policies sued upon provided that no suit, action or proceeding for the recovery of any claim under the policy shall be sustainable in any court of law or equity unless the same be commenced within twelve months next after discovery by the insured of the occurrence which gives rise to the claim.

The appellant's brief reasonably demonstrates that this action was barred by the limitation in the policy and should have been dismissed.

Pursuant to RCA 1.260(c) (2) we reverse the judgment and direct that a judgment be entered dismissing the action in conformity with appellant's motion for a judgment notwithstanding the verdict.

All concur.